PER CURIAM.
The Department of Military Affairs (DMA) appeals the Department of Administration’s (DOA) disapproval of its petition requesting reimbursement for retiring active state duty officers’ expenses in relocating from the state military reservation back to homes of record. DMA asserts that DOA’s final order departs from the essential requirements of law because Florida law expressly provides that state duty guardsmen are entitled to pay and allowances equal to that of their federal counterparts. Thus, DMA contends that because federal law provides that federal guardsmen are entitled to retirement relocation expense reimbursement, DOA must approve DMA’s request as a “perquisite”. We reverse and remand.
Although DMA has conceded in its initial brief that reimbursement for moving expenses is a “perquisite” requiring DOA approval under Chapter 216, Florida Statutes and rule 22K-11, Florida Administrative Code, DOA conceded at oral argument that DMA unnecessarily petitioned for approval of a “perquisite” because DMA’s relocation reimbursement request is an “allowance”, not a “perquisite”. Section 250.-10, Florida Statutes requires DMA to pay state permanent duty guardsmen “pay and allowances” in accordance with their respective national military counterparts. The federal regulations provide reimbursement of relocation expenses for retiring active duty officers to their homes of record as “allowances”. See Rule U5130, Joint Federal Travel Regulations. Therefore, as DOA conceded, we find that the requested reimbursement of relocation expenses, for retiring active state duty Florida National Guardsmen, constitutes an “allowance” within the scope of Chapter 250 over which DMA possesses disbursement authority, and not a moving expense “perquisite” requiring DOA approval.
REVERSED and REMANDED for further proceedings.
WENTWORTH, MINER and WOLF, JJ., concur.